# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LASHIFY, Inc.,<br><br>Plaintiff<br><br>v.<br><br>PRO LASH, Inc., et al,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [87]: DEFENDANTS' SHORT FORM DISCOVERY MOTION REGARDING PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 1**<br><br>Case No. 2:24-cv-00016-HCN-CMR<br><br>Judge Howard C. Nielson, Jr<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 12). Before the court is Defendants Pro Lash, Inc., Bella Lash Extensions LLC d/b/a Pro Lash (Pro Lash), Zachary Chipman, and Haley Chipman's (collectively referred to as Defendants or Pro Lash) Short Form Discovery Motion Regarding Plaintiff's Response to Interrogatory No. 1 (Motion) (ECF 87). The court has also considered Plaintiff Lashify, Inc.'s (Plaintiff or Lashify) Opposition to Defendants' Motion (Opposition) (ECF 89). The court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court, having carefully considered the parties' relevant filings and case law, enters the following Memorandum Decision and Order DENYING the Motion.

## I.   BACKGROUND

Lashify brought this action alleging that Pro Lash unlawfully copies Lashify's DIY luxury lash extension system (*see* ECF 59). In connection with its luxury lash extension system, Lashify currently holds four patents, which it alleges Pro Lash infringes (*see id.* at 40–63). On September 17, 2025, the court set a pre-claim-construction schedule consistent with the Local Patent Rules, which did not allow expert discovery before claim construction (*see* ECF 78 & 81). On October 1, 2025, Pro Lash served its Initial Non-Infringement, Ineligibility, Invalidity, and Unenforceability

Contentions pursuant to Local Patent Rules (LPR) 2.4 (*see* ECF 89-1). On this same day, Pro Lash also served Interrogatory No.1, which requested that Lashify answer the following: "**INTERROGATORY NO. 1**: To the extent you disagree with Defendants' contentions pursuant to LPR 2.4, explain why" (ECF 87-1). The present issue concerns Lashify's response to Interrogatory No.1. On October 31, 2025, Lashify responded to Interrogatory No.1 asserting various objections (*see* ECF 87-2 at 4–3, and ECF 89). Thereafter, Pro Lash filed the present Motion seeking a court order compelling Lashify to respond to Interrogatory No. 1, or, in the alternative, to reset the claim construction deadline to after expert discovery, which this court has already declined to do (*see* ECF 87).

## II.   DISCUSSION

Unless otherwise limited by court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the par-ties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the pro-posed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "Contention interrogatories are interrogatories that seek to clarify the basis for or the scope of an adversary's claims." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (citing *Starcher v. Corr. Med. Sys. Inc.,* 144 F.3d 418, 421 n. 2 (6th Cir.1998). This court has ruled that in complex patent cases, contention interrogatories are a useful "vehicle for establishing facts underlying a party's legal position[.]" *In re Brca1-and Brca2-based Hereditary Cancer Test Pat. Litig.*, No. 2:14-MD-02510-RJS, 2014 WL 12600708, at *1 (D. Utah Nov. 19, 2014) (citing *TV Interactive Data Corp. v. Sony Corp.*, No. C 10–475, 2012 WL 1413368,

at *2–3 (N.D. Cal. Apr. 23, 2012)).

While contention interrogatories are a permissible form of discovery, "they need to be examined by a court and then modified if necessary." *EC Source Services v. Burndy LLC*, No. 2:16-CV-122-JNP, 2018 WL 3625330, at *2 (D. Utah July 30, 2018). Contention interrogatories that require the responding party to provide "every fact" supporting identified allegations or defenses will generally be deemed overly broad and unduly burdensome. *See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998) (citing *Lawrence v. First Kansas Bank & Trust*, 169 F.R.D. 657, 664 (D. Kan. 1996)). Contention interrogatories may, however, properly ask for the "principal or material" facts which support an allegation or defense. *Id.*; *see also Lucero*, 240 F.R.D. at 594.

Here, Interrogatory. No.1 is a contention interrogatory by explicitly asking Lashify to explain the basis for why it disagrees with Pro Lash's initial contentions (ECF 87-1). As written, the court agrees with Lashify's contention that this interrogatory is vague. Asking Lashify to explain "why" it disagrees with Pro Lash's initial contentions could be interpreted as requesting a full articulation of all underlying facts and legal analysis. If so, Lashify is correct in asserting that this Interrogatory is not only vague, but also overly broad and unduly burdensome (ECF 89 at 2).

The court, however, after considering the arguments raised by Pro Lash in its Motion, interprets Interrogatory No.1 as seeking only the material and principal facts underlying Lashify's disagreements with the initial contentions. In its Motion, Pro Lash states that it seek "Plaintiff's own views on patent validity and infringement" and that "Plaintiff should be able to explain why its patents are valid and why it believes Defendants' non-infringement contentions are incorrect" (ECF 87 at 2). Pro Lash also cites *Amgen Inc. v. F. Hoffman La Roche Ltd.,* which approved interrogatories aimed at uncovering the material and principal facts underlying the plaintiff's

claims rather than "every" fact, legal conclusion, or expert analysis (*see id.*) (*Amgen Inc. v. Sandoz Inc.*, No. 14-CV-04741-RS (MEJ), 2017 WL 1352052, at *3 (N.D. Cal. Apr. 13, 2017 ("Amgen shall respond to Interrogatory Nos. 15 and 16. . . however, Amgen's responses shall be limited to material facts and shall not include any expert opinions.")).

Thus, the court determines that Interrogatory No.1 while vague as written, is clarified by the arguments asserted by Pro Lash in its Motion. The court clarifies that Interrogatory No.1 requests Lashify to provide the material and principal facts currently known to Lashify that support its disagreements with Pro Lash's contentions on non-infringement, §101 ineligibility, invalidity, and unenforceability. As rewritten above, the court finds that this information is relevant, but as discussed below, it contains multiple subparts.

Reviewing Lashify's other objections in its Opposition, except for Lashify's claim that Interrogatory No.1 includes multiple subparts, the court finds them to be unconvincing. Lashify asserts that it need not respond because the Local Patent Rules do not require a response to LPR 2.4 contentions (ECF 89 at 2). While the Local Patent Rules do not require a response, accepting Lashify's position would delay the discovery of relevant information until final infringement contentions are due, which is not the intent of the rules. In fact, the Local Patent Rules are intended to promote early and meaningful disclosure of the parties' positions by requiring early service of infringement contentions (LPR 2.2) and early disclosure of a defendant's initial non-infringement contentions (LPR 2.4). An interrogatory seeking the *factual* basis for Lashify's claims is consistent with the early exchange of information contemplated by the rules.

Lashify also argues that Interrogatory No.1 improperly seeks expert opinion (ECF 89 at 3). However, as explained above, the court interprets Interrogatory No.1 to ask only for the material and principal *facts* supporting Lashify's position, not how an expert would construe those facts.

The court now considers Lashify's assertion that Interrogatory No.1 contains multiple subparts (*see* ECF 89 at 2). Pro Lash contends that Interrogatory No.1 does not contain multiple subparts because it is "directed at eliciting details concerning a common theme" (ECF 87 at 2–3). In the alternative, Pro Lash claims that the "scope of the claims asserted in this case, the information requested in the subject interrogatory is not disproportionate to the defendant's need for this information" (*id*. (quoting *SPH Am. v. Rsch. in Motion*, 2016 WL 6305414, at *1–3 (S.D. Cal. Aug. 16, 2016)).

Fed. R. Civ. P. 33(a)(1) provides that "discrete subparts" count as separate interrogatories. However, "Rule 33 does not define 'discrete subparts' or when certain 'subparts' may count as more than one interrogatory." *SMHG Phase I LLC v. Eisenberg*, No. 122CV00035DBBJCB, 2023 WL 2275182, at *1 (D. Utah Feb. 28, 2023). In general, courts use a "common-theme" test to determine whether subparts count as a separate question or fall under the broader interrogatory. *See Id*. ("[I]t would appear that an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question ... [o]n the other hand, an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of the limitation.") (quoting Charles A. Wright & Arthur R. Miller, 8B Fed. Prac. & Proc. Civ. § 2168.1 at 261 (3d ed. April 2022 update)).

Applying this standard, Interrogatory No.1 contains numerous subparts. First, initial contentions pursuant LPR 2.4 requires a party to provide information regarding four discrete areas: (1) non-infringement, (2) §101 ineligibility, (3) invalidity, and (4) unenforceability. At a minimum, each of these discrete areas is a theme, as they are governed by different legal standards, facts, and evidence. Additionally, Lashify holds four patents, and Pro Lash's initial contentions address each patent separately (*see* ECF 89-1). Because each patent has distinct claims, details, and history,

each patent is a separate subpart. Therefore, Interrogatory No.1 contains the following fifteen (15) subparts:

    a. Non-infringement contentions against all four patents: four subparts (*see* ECF 89-1 at 4, Table 1).

    b. Ineligibility contentions against two patents: two subparts (*see id*., Table 2).

        i. Initial inventorship and § 112 contentions against three patents: three subparts (*see id*. at 8, Table 7).

    c. Invalidity contentions against all four patents: four subparts (*see id*. at 7–8, Table(s) 3–6).

    d. Initial unenforceability contentions against two patents: two subparts (*see id*. at 29, Table 8).

This counting of Interrogatory No.1 is consistent with *SPH America*, a Southern District of California case cited by Pro Lash (ECF 87 at 3). In *SPH America*, the court found a similar interrogatory concerning nine patents, to contain multiple subparts. *SPH Am., LLC v. Research in Mot., Ltd.*, No. 13CV2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016). Although the interrogatory in *SPH America* would place the defendant over the interrogatory limit, because the case was "no longer in its infancy" and in the interest of judicial economy, the court found it prudent to grant the defendant leave to propound interrogatories in excess of the interrogatory limit. *Id*. at *2 ("While defendant has not moved for leave to propound interrogatories in excess of the 25 interrogatory limit, in this one instance the Court will so construe their request to allow for responses to all subparts of defendant Common Interrogatory No. 6."). The court is unsure whether Pro Lash is seeking this same relief, and given the lack of clarity declines to address it herein.

### III.   CONCLUSION

Because Interrogatory No. 1 contains discrete subparts and Pro Lash has not indicated that it wishes to use additional interrogatories for this request, Lashify is not required to answer it as written. The court instructs Pro Lash to review this ruling and decide whether Interrogatory No. 1, as written, fits its discovery plan or whether issuing a new interrogatory would be more beneficial. Accordingly, Pro Lash's Motion is **DENIED** without prejudice.

DATED this 5 January 2026.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah