UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LASHIFY, Inc., <br>     Plaintiff <br><br> v. <br><br> PRO LASH, Inc., et al, <br>     Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [88] JOINT MOTION TO AMEND PROTECTIVE ORDER AND ENTERING PLAINTIFF'S VERSION OF THE AMENDED PROTECTIVE ORDER** <br><br> Case No. 2:24-cv-00016-HCN-CMR <br><br> Judge Howard C. Nielson, Jr <br><br> Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 12). Before the court is the parties' Joint Motion to Amend Protective Order (Motion) (ECF 88). The court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court, having carefully considered the parties' relevant filings and case law, enters the following Memorandum Decision and Order.

## I. BACKGROUND

Plaintiff Lashify, Inc. (Plaintiff or Lashify) brought this action against Defendants Pro Lash, Inc., Bella Lash Extensions LLC d/b/a Pro Lash (Pro Lash), Zachary Chipman, and Haley Chipman (collectively referred to as Defendants or Pro Lash), alleging that Pro Lash is unlawfully copying Lashify's DIY luxury lash extension system (ECF 1). The present issue concerns the parties' joint Motion to modify the Court's Standard Protective Order. The parties agree to modify the operative Protective Order to include a Prosecution Bar (hereafter referred to as the Bar or Bar), with the parties agreeing there is good cause to add this provision (*see* ECF 88 at 2; 5). Lashify indicates that the Bar is needed because Tommy Martin, lead counsel for Pro Lash, "is directly involved in the competitive decision-making related to patent preparation for Pro Lash and other artificial lash companies" (*id.* at 2). Pro Lash indicates that the Bar is needed to protect

1

their trade secrets, which are only a few pages long, making inadvertent disclosure and harm particularly severe (*id*. at 4).

The parties' proposed Amended Protective Orders were included in the Motion as Exhibit #1 – Plaintiff's Proposed Protective Order (ECF 88-1) and Exhibit #2 – Defendants' Proposed Protective Order (ECF 88-2). Considering the parties' respective Proposed Protective Orders, both parties agree to the following Bar being entered in this case:

> PROSECUTION BAR – ATTORNEYS' EYES ONLY. A person or entity who produces information, documents, or other materials may designate them as PROSECUTION BAR – ATTORNEY'S EYES ONLY when they in good faith believe the information, documents, or other materials contain highly sensitive trade secrets or other ATTORNEYS' EYES ONLY information, as defined above, that, if improperly disclosed to another party in this litigation, could cause significant business or financial harm to the Producing Party if used to influence or control the content, direction, or scope of protection sought in any new, pending, or potential patent application. The PROSECUTION BAR – ATTORNEYS' EYES ONLY designation shall include confidential information qualifying for designation as ATTORNEYS' EYES ONLY that constitutes, concerns, or is related to artificial lash extension inventions not yet publicly disclosed, artificial lash extension technology under development, and/or highly sensitive trade secret methods or processes used to manufacture artificial lash extensions. For the avoidance of doubt, the following documents and materials shall not be designated PROSECUTION BAR – ATTORNEYS' EYES ONLY: (i) publicly available publications, including patents and published patent applications; (ii) materials regarding third party systems or products that were publicly known, on sale, or in public use; (iii) information that is otherwise publicly available; and (iv) documents and information related solely to damages or reasonable royalty rates.

(ECF 88-1 at 2–3; and ECF 88-2 at 2–3). However, the main disagreement concerns the scope of the disclosure and use of the materials that trigger the Bar, which is addressed in a later section of the proposed Protective Order (*see* ECF 88-1 at 5–6; and ECF 88-2 at 5–7).

Pro Lash proposes multiple restrictions and requirements regarding the disclosure and use of material that triggers the Bar (*see* ECF 88-2 at 5–7). Notably, Pro Lash requests restrictions that permit only the inspection of specific portions of the material, the requirement of in-person inspection of the material, and limit the receiving party to three printouts of the material (*see id*.).

2

Pro Lash believes these restrictions are necessary primarily because of the high risk of inadvertent disclosure of its trade secrets (ECF 88 at 4–5). Lashify asserts that Pro Lash's restrictions are unduly burdensome and would needlessly increase the costs and burdens of discovery in this litigation (*id*. at 2). Accordingly, Lashify proposes a Protective Order with fewer restrictions, asserting that its proposed restrictions are sufficient to mitigate the risks associated with the disclosure of proprietary information in this case (*id*.). As discussed below, the court agrees with Lashify's proposed Protective Order.

## II.  DISCUSSION

Patent Prosecution Bars prohibit the recipients of a party's confidential technical information from engaging in patent prosecution-related activities concerning the subject matter of the patents in question. *See Front Row Techs., LLC v. NBA Media Ventures, LLC*, 125 F. Supp. 3d 1260, 1275 (D.N.M. 2015) (citing 60 Am. Jur. 2d *Patents* § 768 ("A patent prosecution bar precludes all persons who had access to the opponent's confidential information produced for trial from working on the patent prosecution on that subject matter.")). "Courts determining whether to incorporate a patent prosecution bar into a protective order must balance the risk of inadvertent disclosure or improper use of confidential information against the potential harm to a party's right to representation by its preferred counsel." *Id*. "The determination of whether a protective order should include a patent prosecution bar is governed by federal circuit law." *Id*. (quoting 60 Am. Jur. 2d *Patents* § 761); *see also*, *In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("[W]e hold that the determination of whether a protective order should include a patent prosecution bar is a matter governed by Federal Circuit law.").

"The party seeking a protective order or patent prosecution bar has the burden of showing good cause for its issuance." *Id*. Good cause requires a showing that "the information designated

3

to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *Lifetime Products, Inc. v. Logan Outdoor Products*, LLC, No. 1:21-CV-00156, 2022 WL 1644379, at *1 (D. Utah May 24, 2022) (quoting *Deutsche Bank*, 605 F.3d 1378). Furthermore, "[i]n evaluating whether to grant a patent prosecution bar in the first instance, a court must be satisfied that the kind of information that will trigger the bar is relevant to the preparation and prosecution of patent applications before the PTO." *In re Deutsche Bank*, 605 F.3d at 1381.

### A. There is good cause for the issuance of a Bar.

Both parties agree that there is good cause for the Bar and that the information triggering the Bar is relevant to the preparation and prosecution of patent applications (*see* ECF 88 at 2; 5). Neither party is requesting an exemption from the Bar. Furthermore, there appears to be no disagreement regarding the language of the Bar, only the scope of restrictions on the disclosure and use of materials triggered by the Bar (*see* ECF 88-1 at 2–3; and ECF 88-2 at 2–3). Therefore, due to the parties' stipulation, their status as competitors in the marketplace, the kind of information that will trigger the bar, Tommy Martin's involvement in patent preparation, and the risk of inadvertent disclosure of Pro Lash's trade secrets, the court finds good cause to amend the Standard Protective Order to include the Bar stipulated to by the parties.

### B. Lashify's Protective Order reasonably reflects the risks in this case.

As previously stated, the parties disagree regarding the restrictions on the disclosure and use of material triggering the Bar. Pro Lash proposes that the following restrictions be placed on the disclosure and use of material triggering the bar:

4

1. Materials "shall only be available for inspection and during deposition as paper documents at an office within this District of the outside counsel of Record for the Producing party."
2. The person inspecting the material may only have with them "a pad of paper and a pen for making notes, and [no] electronic devices including computers, phones, or cameras."
3. "Those persons shall not make any copies of the materials being inspected, but may refer indirectly to specific portions of such materials (without revealing the contents of such materials) in work product (including notes), correspondence with opposing counsel, discovery (including expert reports), and court filings."
4. The receiving party can only request up to three printouts of the relevant material.
5. "[O]nly the relevant portions of one paper copy of designated materials may be filed with the court under seal. If any such material is needed for use at trial, the parties shall meet and confer before the pretrial conference to discuss reasonable ways to preserve the confidentiality of such material during trial and shall present any disagreements to the Court for resolution."

(*see* ECF 88-2 at 5–7).[1] Pro Lash asserts that its proposed restrictions are justified as the information in this case is "similar to restrictions often placed on source code" but that their risk is even higher than source code cases because "their trade secrets are only a few pages long" (ECF 88 at 5). Pro Lash further asserts that its trade secrets require protection because they are "irrelevant to Plaintiff's claims for patent infringement" (*id.*).

---

[1] The court notes that Pro Lash includes other restrictions, but the court has only highlighted the restrictions that it finds most disproportionate to the risks in this case.

First, Pro Lash's proposed restrictions are disproportionate to the risks in this case, given that the material in this matter does not resemble source code. While the court appreciates Pro Lash's concerns regarding its trade secrets, the court agrees with Lashify that these added restrictions are unduly burdensome and would needlessly increase the costs and burdens of discovery (*id*. at 2). Second, if Pro Lash believes its trade secrets should not be disclosed on relevancy grounds, it has other avenues to assert that objection but seeking excessive restrictions to protect allegedly irrelevant discovery is not proper.

For these reasons, the court finds that Pro Lash's restrictions do not reasonably reflect the risks presented by the disclosure of proprietary competitive information. *See Front Row Techs.*, 125 F. Supp. 3d at 1280 ("[A] broad prosecution bar, 'without some tangible reason or good cause other than the general threat of inadvertent misuse of discovered materials, is the exact type of overly broad and generalized fear rejected by the Federal Circuit in *U.S. Steel, In re Sibia* [*Neurosciences, Inc.,* 132 F.3d 50 (Fed. Cir. 1997)] and *Deutsche Bank.*'") (quoting *Iconfind, Inc. v. Google, Inc.*, No. S:2:11-CV-0319-GEB, 2011 WL 3501348, at *4 (E.D. Cal. Aug. 9, 2011)). Conversely, the court finds that Lashify's proposed Protective Order attached to the Motion as Exhibit #1 (ECF 88-1) is sufficiently tailored to address the risks presented in this matter.

For these reasons, the court **GRANTS** the Motion and **ORDERS** that Lashify's proposed Protective Order is the operative Protective Order in this matter. Accordingly, Lashify must file a final version of its proposed Protective Order no later than five days after the date of this Order.

DATED this 6 January 2026.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah