**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| LASHIFY, Inc.,<br><br>        Plaintiff<br><br>v.<br><br>PRO LASH, Inc., et al.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [125] DEFENDANTS' MOTION TO STRIKE**<br><br>Case No. 2:24-cv-00016-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 12). Before the court is Defendants Bella Lash Extensions LLC and Pro Lash Inc.'s (collectively referred to as Pro Lash or Defendant) Motion to Strike Untimely New Infringement Contentions from Plaintiff's Final Infringement Contentions (Motion) (ECF 125). Also before the court are Plaintiff Lashify, Inc.'s (Lashify or Plaintiff) Opposition (ECF 126) and Pro Lash's Reply (ECF 133). In addition, the court heard oral arguments from the parties at two hearings held on April 15, 2026 (*see* ECF 137) and April 22, 2026 (*see* ECF 144). After consideration of the relevant briefing and arguments raised during the hearings, the court enters the following Memorandum Decision and Order DENYING the Motion.[1]

## I.    BACKGROUND

Lashify brought this action alleging that Pro Lash unlawfully copied Lashify's DIY luxury lash extension system (ECF 1). Under the court's Scheduling Order, Lashify's Initial Infringement Contentions (IICs) were due on September 17, 2025, and its Final Infringement Contentions (FICs)

---

[1] The court also notes that, to the extent Judge Nielson believes this Memorandum Decision and Order should be filed as a Report and Recommendation, this document can be construed as such. Regardless, the parties are on notice that they have fifteen days from the date of this Order to file any objections.

were due on February 11, 2026 (ECF 83). Lashify filed its IICs and FICs by the requisite deadlines. The present issue concerns certain inclusions within Lashify's FICs. Specifically, the inclusion of the following: (1) products produced by Bella Lash, collectively referred to as the "Lash Pro Products;" (2) the identification of manufacturer Ningbo Showwell International (Showwell); and (3) the addition of new infringement theories (*see* ECF 126-8).

Pro Lash requests that the court strike these additions for the following reasons: (1) Lashify failed to timely identify Bella Lash and Showwell under LPR 2.3; (2) the FICs impermissibly expand the case in violation of LPR 3.1; (3) regarding Showwell, Lashify never answered Interrogatory No. 1 regarding Showwell; and (4) pursuant Rule 16, Lashify has not shown "good cause" for modifying a scheduling order (ECF 125 at 8–13). The court addresses each argument in turn.

### 1. Lashify's FICs did not violate LPR 2.3.

Pro Lash first argues that the Lash Pro Products and products produced by Showwell (Showwell Products) should be struck because Lashify failed to identify these products in a timely manner under LPR 2.3 (ECF 125 at 8).

Under LPR 2.3, IICs are due no later than 35 days after the defendant's Initial Disclosures. DUCivR LPR 2.3(a). Those contentions must identify each asserted claim of each asserted patent alleged to be infringed, along with the applicable statutory subsection of 35 U.S.C. § 271. *Id*. 2.3(a)(1). For each asserted claim, the party must also identify each "Accused Instrumentality of which the party claiming infringement is aware, described by name, if known, or by any product, device, or apparatus which allegedly infringes one or more asserted patent claims[.]" *Id*. 2.1; *Id*. 2.3(a)(2). The rule further provides that if the party later learns of an Accused Instrumentality that

was not previously disclosed or known, it may supplement its infringement claims within 14 days of that discovery. *Id*. 2.3(b)(2).

A. Lash Pro Products

Pro Lash asserts that the Lash Pro Products should be struck because they have allegedly been available on the Internet since July 2024 and, as such, should have been included in Lashify's IICs (ECF 125 at 8–9). Although the products were available online, Lashify stated during the hearing that it did not learn about them until February 3, 2026, while preparing for a deposition scheduled for February 5, 2026. Therefore, Lashify claims it could not have included them earlier because it was unaware of them.

While it is true that the purpose of the Local Patent Rules is to produce early disclosure of information, the rules themselves anticipate that IICs will, at times, require amendment within 14 days of when the new Accused Instrumentalities are disclosed or otherwise made known to the plaintiff. LPR 2.3(b)(2). If Lashify learned about the Lash Pro Products on February 3, 2026, it would have had until February 17, 2026, to amend the IICs. However, under this timeline, an amendment isunnecessary given that the Pro Lash Products were included in the FICs, filed on February 11, 2026.

Given this timeline, it is understandable why Pro Lash argues that the inclusion of these products was a deliberate attempt to delay or cause prejudice. Based on the record, however, the court is not convinced that the Lash Pro Products were "disclosed or otherwise made known" to Lashify prior to February 3, 2026. As indicated earlier, the only evidence Pro Lash could produce is the fact that the products were available online as early as July 2024. Although the products were available on the internet, Pro Lash provided no authority supporting the position that internet

presence alone is sufficient to satisfy the disclosure or knowledge requirement of LPR 2.3.[2] Accordingly, the court finds no error with Lashify's inclusion of the Lash Pro Products.

    B.  <u>Showwell Products</u>

          *i.  The identification of Showwell does not violate LPR 2.3.*

Pro Lash argues that Showwell was not identified in a timely manner under LPR 2.3, and that Lashify did not include Showwell Products in its IICs (ECF 125 at 5). In support, Pro Lash points out that Lashify identified three other manufacturers by name in the IICs but did not include Showwell (ECF 125 at 6).

Although Showwell was not identified by name, Lashify clarified during the hearing that IICs included Showwell Products as Accused Instrumentalities, but at the time it did not know which products each manufacturer produced. To the extent that Pro Lash argues that Accused Instrumentalities must be accompanied by their respective manufacturers, that is not the law. IICs must identify each known "Accused Instrumentality," meaning the accused product, device, apparatus, process, method, act, or other instrumentality alleged to infringe. DUCivR LPR

---

[2] During the hearings, Pro Lash also articulated that, by bringing this lawsuit, Lashify has a duty of diligence to seek out potentially infringing products and identify them promptly. Accordingly, Pro Lash argued that had Lashify been diligent, it would have found these products and included them in its IICs months earlier. Pro Lash has not provided any authority supporting such a broad legal duty, and the diligence referenced in the briefing (ECF 125 at 11–12) pertains to diligence when a party seeks to amend its contentions, which is not applicable here. Moreover, even if the court were to find Pro Lash's arguments regarding diligence persuasive, Pro Lash has not provided the court with any workable standard. For example, here the Lash Pro Products were available online as early as July 2024. Knowing when the products were made available online does not indicate when these products were "disclosed or otherwise made known" to Lashify. Pro Lash offers no argument to answer this question, but instead argues that, at some unknown earlier time, Lashify should have discovered them and that the time to amend has now passed.

2.3(a)(2). There is no requirement that unknown manufacturers be identified. Therefore, the identification of Showwell in the FICs does not violate LPR 2.3.[3]

     ii.   *The IICs did provide an infringement theory for the Showwell Products.*

It appears that Pro Lash's more substantive argument is that the IICs did not include any infringement theory for the Showwell Products as required under LPR 2.3(a)(3) (ECF 133 at 2–4). Here, Lashify's IICs asserted various infringement claims under U.S. Patent No. 11,330,855 (the '855 Patent) (ECF 128-3). Of relevance is Lashify's infringement claim that Pro Lash "specifically designs and develops each Accused Product comprising a lash extension, where at least some of the artificial hairs are connected to one another at a respective part of the base by at least an application of heat" (*id*. at 14). In support of this infringement claim, Lashify provided various methods by which Pro Lash allegedly "[applies] heat to the accused lash products during manufacturing" (*id*. at 16). These methods are referred to as "infringement theories."

Pro Lash has fiercely argued that everything it has produced indicates Showwell is not using heat in violation of Lashify's asserted claims. As articulated by Pro Lash in its briefing and during the two hearings addressing this matter, it believes it has been fully transparent about Showwell's manufacturing processes. Pro Lash claims that Lashify knew about Showwell as early as July 2025 (ECF 125 at 5). Further, Pro Lash provided specific disclosures regarding Showwell on August 13, 2025, including its manufacturing agreement with Showwell (ECF 125 at 6, 8). Pro Lash argues that the IICs do not include any infringement theories for the Showwell Products

---

[3] The court also notes that Pro Lash specifically indicates that its own Initial Non-Infringement Contentions served on October 1, 2025, assert that "products made by Showwell could not satisfy the 'heat' requirements in Lashify's patents" (ECF 125 at 6). Pro Lash argues this position would not be raised in the Initial Non-Infringement Contentions unless Lashify understood the Showwell Products to be among the Accused Instrumentalities Identified in Lashify's IICs.

because everything they have produced indicates that the Showwell Products do not use heat (ECF 133 at 2–4). Therefore, Pro Lash argues that because the Showwell products do not use heat, the inclusion of the Showwell Products in the IICs did not comply with LPR 2.3(a)(3), nor did Lashify supplement or amend its IICs to provide an infringement theory for products that do not use heat (*see id.*).

The primary issue with Pro Lash's position is that Lashify may question whether Showwell is impermissibly using heat in the manufacturing process. As indicated by Lashify: Although Defendants had made certain documents available for inspection that they claim reflect the Showwell manufacturing process, Defendants insisted on restricting any meaningful access to these documents (*see* ECF 88). Defendants only produced these documents to Lashify on January 28, 2026 (ECF 126 at 6 fn. 3). While Pro Lash may believe that what it has produced establishes that no heat is being used, Lashify has sufficiently provided reasons for why it remained unsure about Showwell's manufacturing processes. In other words, Pro Lash's unilateral belief regarding the strength of the disclosed evidence does not dictate whether Lashify can include certain Accused Instrumentalities in its IICs.

Even assuming arguendo that there was no basis to include the Showwell Products in the IICs, as explained in the next section, there would have been a basis to include them in the FICs once Lashify learned more about Showwell's manufacturing process after the February 5, 2026, deposition.

### 2. Lashify's FICs did not violate LPR 3.1 or LPR 3.2.

LPR 3.1 governs the timing and general contents of FICs. Under the rule, a party asserting patent infringement must serve FICs no later than 21 weeks after the deadline to serve IICs. DUCivR LPR 3.1(a). The FICs must include the information required by LPR 2.3(a)(1) through

(8). *Id*. 3.1(a). Under LPR 3.2, FICs may rely on no more than eight of the ten asserted infringement

claims per asserted patent previously identified under LPR 2.3(b). *Id*. LPR 3.2(a). A party seeking

to amend FICs must move to do so no later than fourteen days after discovering the basis for the

amendment. *Id*. 3.4(a). Amendment is not automatic; rather, the court may permit amendment only

upon a showing of good cause and no unfair prejudice to the opposing parties. *Id*. 3.4(b).

Here, Lashify's FICs assert eight infringement claims under U.S. Patent No. 11,330,855

(the '855 Patent) (ECF 128-5). Of relevance is Lashify's infringement claim that Pro Lash

"practices or causes to be practiced the step of obtaining a lash extension comprising at least one

of the plurality of clusters is connected to the base by at least an application of heat" (*id*. at 59).

The FICs introduce a series of additional ways in which "heat" is allegedly impermissibly being

used to produce the Accused Instrumentalities (*id*. at 64–65). These additional uses of heat are

collectively referred to as the "new infringement theories." Lashify asserts that it learned of these

new infringement theories after it deposed Pro Lash's 30(b)(6) representative on February 5, 2026,

in which it learned information regarding Showwell's purported manufacturing process (ECF 126

at 7). During the hearing held on April 22, 2026, Lashify articulated in detail why the

representative's testimony led to the inclusion of the new infringement theories.

Pro Lash contends that Lashify did not discover any new evidence during the deposition,

as Lashify already knew about Showwell's manufacturing process, "and the deposition testimony

cited by Lashify's brief only mentions 'heat' once" (ECF 133 at 4 (citing ECF 128-4 at 271:7–

:10)). Accordingly, Pro Lash argues that the new infringement theories impermissibly expand the

case in violation of LPR 3.1 (ECF 125 at 9). In support, Pro Lash argues that Lashify's new

infringement theories "expand the scope and complexity of the case [rather] than ***narrowing*** the

case" (*id*.). Pro Lash further argues that "[u]nder LPR 3.1(a) and LPR 3.2(a), a patentee must serve

[FICs] that ***narrow*** the case by including 'no more than 8 of the 10 asserted infringement claims per asserted patent identified in LPR 2.3(b)'" (*id.* (quoting LPR 3.2(a)). Pro Lash further argues that "[n]othing in LPR 3.1 or 3.2 contemplates that the final infringement contentions can ***expand*** the case. Instead, under LPR 3.4(a), if a patentee wants to 'amend its contentions,' it must 'move to amend' '[n]o later than 14 days after the discovery of the basis for the amendment'" (*id.*).[4] In short, Pro Lash believes Lashify's last-minute entry of the new infringement theories is a strategic decision to implicate Showwell, despite all the evidence/documentation indicating that Showwell is not using heat.

The court is cognizant of Pro Lash's concerns and understands why the apparent "late" inclusion of the new infringement theories is troubling and arguably contrary to the Local Patent Rules. The court is also mindful of Pro Lash's concern that Lashify added the new infringement theories as a strategic move to expand the scope and complexity of the case at the last possible moment, particularly given that Pro Lash has been adamant that no heat is used. Understanding these concerns, the court held two hearings and heard oral arguments to determine, among other things, whether there was evidence that Lashify impermissibly included the new infringement theories. However, after an extensive review of the record, the court cannot conclude that Plaintiff violated LPR 3.1 or LPR 3.2.

First, regarding Pro Lash's argument about LPR 3.1 and its alleged role in narrowing and simplifying the case, the court is not convinced that LPR 3.1 renders it impermissible for FICs to include additional infringement theories that may expand the scope of the case or further

---

[4] The court notes that Pro Lash does not seek to strike the new infringement theories on the grounds that Lashify exceeded the numerical claim limit of eight infringement claims per patent. Rather, Pro Lash's contention is that the new infringement theories are contrary to the "spirit" of the Local Patent Rules, which imply that FICs should narrow the case rather than expand its scope.

complicate it. Finding as such would be contrary to the Local Patent Rules, which expressly provide a mechanism to amend FICs even after the applicable deadline, and grant the court authority to modify the limits in LPR 3.2(a) and (b). LPR 3.2(c).

Second, while the court appreciates Pro Lash's willingness to provide evidence regarding Showwell's manufacturing procedures, Lashify sufficiently established that it learned new information to support the additional theories. While Pro Lash raised strong arguments, the court is persuaded that Lashify did not learn about the new infringement theories until the February 5, 2026, deposition. After learning that new information, Plaintiff permissibly included the new infringement theories in its FICs. Thus, the court finds that Lashify's FICs do not violate LPR 3.1 or LPR 3.2.

**3. Granting the motion due to a lack of discovery response is not warranted.**

Pro Lash next argues that because "Lashify has never answered Interrogatory No. 1, even after the Court's order on January 6, 2026, and even after Defendants narrowed the interrogatory 45 days ago. That provides an independent basis for striking Lashify's untimely infringement theory against Showwell" (ECF 125 at 9). In support, Pro Lash articulates that "[u]nder Rules 26 and 37, 'the district court has discretion, when circumstances warrant, to exclude evidence not produced in compliance with a proper discovery request.'" (*id*. at 9–10 (quoting *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279, 1281–83 (Fed. Cir. 2012)).

While the court has the discretion to exclude evidence not produced in compliance with a properly served discovery request, the court finds that the present circumstances do not warrant such a remedy. While Lashify's responses to Interrogatory No. 1 were delayed, for the reasons stated above, Lashify has sufficiently supported its new theories against Showwell and sufficiently articulated why it could not include them earlier. Under the present circumstances, the court does

not find that Lashify's delayed discovery responses are sufficient to strike the new infringement theories against Showwell.

### 4. Rule 16 is not implicated, as Lashify has not modified the scheduling order.

Lastly, Pro Lash moves under Rule 16(b)(4) and (f)(1)(C), asserting that "Lashify's new infringement theories against Bella Lash and Showwell on February 11, 2026, violated the scheduling order requiring infringement contentions on September 17, 2025" (ECF 125 at 10). The court, however, does not find that Rule 16 is implicated here. The court does not find that Lashify amended or modified the scheduling order by including the Pro Lash products. As such, Pro Lash's Rule 16 argument is unfounded as Rule 16's good cause standard is not implicated under these circumstances.

## CONCLUSION

For these reasons, the court **DENIES** Pro Lash's Motion to Strike (ECF 125).

DATED this 10 July 2026.

_Cecilia M. Romero_

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah