**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| LASHIFY, INC.,<br>Plaintiff,<br><br>v.<br><br>PRO LASH, INC., *et al.*,<br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING PART [148] PLAINTIFF'S MOTION TO AMEND FINAL INFRINGEMENT CONTENTIONS**<br><br>**AND**<br><br>**GRANTING IN PART AND DENYING IN PART [165] PLAINTIFF'S MOTION TO COMPEL**<br><br>Case No. 2:24-cv-00016-HCN-CMR<br>Judge Howard C. Nielson, Jr.<br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 12). Before the court are the following two motions filed by Plaintiff Lashify, Inc. (Lashify or Plaintiff): Motion to Amend Final Infringement Contentions (Motion to Amend FICs) (ECF 148) and Motion to Compel (ECF 165) (the Motions). Defendants Bella Lash Extensions LLC and Pro Lash Inc. (collectively referred to as Pro Lash or Defendants) have objected to both Motions (ECF 155 and 172), to which Lashify has filed replies (ECF 161 and 179). The court heard oral argument from the parties at two hearings held on August 25, 2026 (*see* ECF 221)[1] and September 2, 2026 (*see* ECF 228). The court has also considered Pro Lash's Notice of Supplemental Authority (ECF 222) and Lashify's Objections to the Notice (ECF 223).

[1] At the August 25, 2026 hearing, the court resolved some aspects of the Motion to Compel (*see* ECF 221) and took the remaining issues under advisement.

After consideration of the relevant briefing and arguments raised during the hearings, the court enters the following Memorandum Decision and Order GRANTING IN PART AND DENYING IN PART Plaintiff's Motion to Amend FICS (ECF 148) and GRANTING IN PART AND DENYING IN PART Plaintiff's Motion to Compel (ECF 165).

## I. PLAINTIFF'S MOTION TO AMEND FICS (ECF 148)

Lashify seeks to amend its FICs to include the following Products: Clean Girl/Clean Products, the Classic Hybrid No. 46 Product, and the Essentials Kit (collectively, the New Products) (ECF 148 at 1).

### A. Legal Standard

Under Local Patent Rule (LPR) 3.4(a), a party seeking to amend its Final Infringement Contentions must move for leave no later than fourteen days after discovering the basis for the proposed amendment. The court may permit the amendment only upon a showing of good cause and no unfair prejudice to the opposing parties. LPR 3.4(b).

"[T]o establish good cause, the moving party must first demonstrate diligence in amending its contentions." *Eagle View Techs., Inc. v. Nearmap US, Inc.*, No. 2:21-CV-00283, 2023 WL 3798406, at *2 (D. Utah June 2, 2023). "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Diligence has two components: the movant must demonstrate both that it acted diligently in discovering the basis for the proposed amendment and that it promptly sought leave to amend after discovering that basis. *Eagle View*, 2023 WL 3798406, at *2.

The diligence inquiry is fact-specific and considers when the movant knew or reasonably should have known the facts supporting the amendment. *See Definitive Holdings, LLC v. Powerteq*

*LLC*, No. 2:18-cv-844, 2022 WL 798863, at *3–4 (D. Utah Mar. 16, 2022). Courts have rejected assertions of diligence where products were available for five months or more. *Id.* at *2 (citing *Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, 2007 WL 2221029, at *1 (N.D. Cal. July 30, 2007) (finding the plaintiff failed to meet the burden to demonstrate good cause after waiting five months)). Furthermore, information readily available through public sources weighs against a finding of diligence. *See XiDrone Systems, Inc. v. Fortem Technologies, Inc.*, No. 2:23-cv-00430, 2025 WL 384994, at *2 (D. Utah Feb. 4, 2025) (denying amendment where even a cursory internet search would have revealed the information). Conversely, newly discovered information may support good cause where the movant diligently sought the information and promptly moved after obtaining sufficient facts to formulate the proposed amendment. *See Eagle View*, 2023 WL 3798406, at *2–4. If the movant fails to carry its burden of demonstrating diligence, the court need not consider prejudice to the opposing party. *O2 Micro*, 467 F.3d at 1368.

**B. Discussion**

1. <u>Essentials Kit</u>

Lashify argues that amendment is warranted because the Essentials Kit is a newer product consisting of products already identified in its disclosed infringement contentions (ECF 148 at 6), and that it became aware of this product on April 27, 2026 (ECF 148-1 at 3). Lashify further asserts that the parties met and conferred on April 29, 2026 (*id.* at 8), and that the email regarding the meet and confer (ECF 148-6 (Ex. J)) specifically indicates that the Essentials Kit was a subject of the meeting (*id.*). On May 4, 2026, counsel for Pro Lash indicated that the Essentials Kit "was released more recently" but that it was subject to Pro Lash's pending Motion to Strike, and suggested that the parties meet and confer after the court's ruling on the Motion to Strike (ECF 148-7 (Ex. K)). Lashify therefore contends that after it learned of the Essentials Kit, it diligently

sought a meet-and-confer, and after receiving Pro Lash's objections to amendment, timely sought amendment (*see* ECF 148 at 6, 10–11). The court agrees.

First, because the court has since resolved Pro Lash's Motion to Strike (ECF 183), Pro Lash's objections based on that ruling no longer provide a basis for denying amendment.

Second, Pro Lash argues that amendment should be denied because Lashify did not comply with the court's meet-and-confer requirements (ECF 155 at 14). *See* DUCivR 37-1 (a). Although the parties dispute what occurred during the meet-and-confer process, the record indicates that a meet-and-confer took place and that the inclusion of the Essentials Kit was raised. Under these circumstances, the court declines to deny amendment on this procedural ground.

Third, regarding prejudice, because the Essentials Kit consists of products already at issue in this litigation and identified in Lashify's already disclosed contentions, its inclusion does not introduce a new infringement theory or unfairly prejudice Pro Lash.

Thus, the court finds that Lashify demonstrated diligence, timely sought amendment, and such amendment does not prejudice Pro Lash. Accordingly, the Motion to Amend FICs is GRANTED as to the Essentials Kit.

2. <u>Clean Girl/Clean Edits Products and the Classic Hybrid No. 46 Product (hereinafter collectively Clean Girl/Classic Products)</u>

In support of its diligence argument, Lashify asserts that its attorneys became aware of the Clean Girl/Classic Products in March and April 2026 (ECF 148 at 8). Pro Lash asserts that the Clean Girl/Clean Products were available for sale on the internet by June 2025, and the Classic Hybrid Product was available for sale on the internet by October 2025 (ECF 155 at 7). During the hearing, when asked why Lashify did not find the Clean Girl/Classic Products on the internet earlier, Lashify could not provide any reasons it was unable to find them. The Motion, however,

merely mentions that "[t]racking Defendants' product offerings, past and present, is not an easy task due to Pro Lash's often-changing website and various distribution outlets" (ECF 148 at 6). Because there are no persuasive arguments to the contrary, the court finds that the Clean Girl/Classic Products could have been identified through reasonable investigation.

Rather than arguing that the Clean Girl/Classic Products could not have been found through reasonable investigation, Lashify argues that despite not finding them on the internet earlier, it has still exercised diligence. In support, Lashify offered two arguments.

First, Lashify argues that on August 19, 2025, it served Interrogatory No. 1, which specifically requested Pro Lash to "identify each Accused Product" (ECF 148 at 6 (citing ECF 126-2 at Page ID 3048)). Lashify argues that Pro Lash's response did not identify the Clean Girl/Classic Products and, therefore, Pro Lash allegedly withheld these products from Lashify (*see* ECF 148 at 7, 10). Although Lashify is correct that Interrogatory No. 1 asked for each "Accused Product," Pro Lash specifically stated that it understood the term "Accused Products" to refer to the products named in Lashify's Infringement Contentions (*see* ECF 128-1 (Ex. A)). In addition, Pro Lash produced a spreadsheet listing the sales data for the Accused Products (ECF 128-3 (Ex. C)) that included only the products named in Lashify's Infringement Contentions, further substantiating its understanding of the term "Accused Products."

While Lashify may have issues with Pro Lash's interpretation of the term "Accused Products," it cannot now assert that Pro Lash "withheld" these products, given Pro Lash's early clarification about how it interpreted the term. Thus, the court is unpersuaded by Lashify's reliance on Pro Lash's response to Interrogatory No. 1 to establish diligence.

Second, Lashify argued during the hearing that on February 5, 2026, it deposed Pro Lash's 30(b)(6) representative, and during the deposition the representative was shown a spreadsheet

containing the alleged infringing products known to Lashify at the time. Lashify indicates the representative was asked whether there were any additional products, and he asserted that he was not aware of any products outside of those listed in the spreadsheet. Notwithstanding the fact that this argument was not raised in Lashify's Motion (*see* ECF 148), the 30(b)(6) deposition does not establish good cause for amendment.

Although the 30(b)(6) representative indicated that he was not aware of any other products, as Pro Lash articulated during the hearing, it objected to this line of questioning as it had made it clear to Lashify that the 30(b)(6) representative would only be prepared to discuss the "Accused Products"; thus, these questions were outside the scope of the deposition topics. Pro Lash further highlighted that prior to the 30(b)(6) deposition, Pro Lash raised its objection to the scope of the deposition topics and specifically articulated that its 30(b)(6) witness would be designated to testify to the products specifically identified as "Accused Products" in Plaintiff's Infringement Contentions (*see* ECF 222 (Ex. A at 3)). Because Lashify made clear from the outset that the 30(b)(6) deposition was limited to the Accused Products and that the representative would only be prepared to discuss the "Accused Products," Lashify's reliance on the representative's assertion regarding the existence of other products outside the "Accused Products" is misplaced.

For the above reasons, the court finds that Lashify has not met its burden of demonstrating that it acted diligently in discovering the basis for the proposed amendment as to the Clean Girl/Classic Products. Therefore, the court DENIES Lashify's Motion to Amend its FICs regarding the Clean Girl/Classic Products.[2]

---

[2] Because Lashify has failed to carry its burden of demonstrating diligence, the court need not consider whether the amendment would prejudice the opposing party. *O2 Micro*, 467 F.3d at 1368.

## II. PLAINTIFF'S MOTION TO COMPEL (ECF 165)

Lashify seeks to compel Pro Lash to produce sales data for the New Products (ECF 165 at 2) and sales data for Pro Lash-branded non-lash products relevant to its unfair competition claim (*id.*).

### A. Clean Girl/Classic Products

During the hearing, the court asked Lashify whether it would still be required to provide sales data regarding the Clean Girl/Classic Products if the court denied its Motion to Amend its FICs regarding the Clean Girl/Classic Products. Lashify stated that it would not need the sales data if it could not amend its FICs to include the Clean Girl/Classic Products. Given the court's ruling denying Lashify's request to amend its FICs to include the Clean Girl/Classic Products, and Lashify's position that it would not need the sales data if the amendment were denied, the court DENIES Lashify's request for sales data for the Clean Girl/Classic Products.

### B. Essentials Kit

Given that the Essentials Kit is a newer product consisting of various DIY lash extension styles that fall within the scope of the accused products, the court GRANTS Lashify's request to compel Pro Lash to produce comprehensive sales data as requested in Request for Production (RFP) No. 60.

### C. Pro-Lash-Branded Non-Lash Products

Lashify additionally seeks sales data for Pro Lash-branded non-lash products relevant to its unfair competition claim (ECF 165 at 2). In opposition to this request, Pro Lash indicates that, in its response to RFPs 60 and 61 made on September 25, 2026, it clearly stated that it was providing sales information only for products listed in PROLASH012757 (ECF 172 at 2 (citing Ex. D at 3)). Therefore, Pro Lash argues that Lashify's request is untimely under DUCivR 37, as

Lashify has known about its position regarding the non-lash products since September 25, 2025 (ECF 172 at 2). In response, Lashify argues that it sent a letter on June 17, 2026 (ECF 165) regarding the sufficiency of these responses, and that it filed the present motion within 45 days of sending the letter; thus, the request complies with DUCivR 37.

Under DUCivR 37, when a discovery dispute arises, the parties must make reasonable efforts to resolve it, including through a "prompt written communication sent to the opposing party." DUCivR 37(a)(1)–(2). Although Rule 37 does not specify any time limit within which a motion to compel must be brought, a party seeking to compel discovery must do so in a timely manner. *Pingree v. Univ. of Utah*, No. 2:20-CV-00724-JNP-CMR, 2024 WL 2847944, at *2 (D. Utah June 5, 2024). The Tenth Circuit has stated that district courts are afforded "broad discretion" to determine the timeliness of a motion to compel, and they "[ordinarily], ... defer to the discretion of the district court in deciding whether a motion is too tardy to be considered." *Id.*

Here, Lashify knew of Pro Lash's position regarding the non-lash products as early as September 25, 2025. While it sent a letter raising issues with Pro Lash's position on June 17, 2026, waiting nearly nine months to send a written communication regarding a discovery dispute does not meet the "prompt written communication" requirement of Local Rule 37. Accordingly, the court DENIES Lashify's request regarding the non-lash products as it is untimely.

## III. CONCLUSION

For the above-stated reasons, the court ORDERS as follows:

1. Lashify's Motion to Amend FICs (ECF 148) is GRANTED IN PART AND DENIED IN PART.

2. Lashify's Motion to Compel (ECF 165) is GRANTED IN PART AND DENIED IN PART. As it pertains to the sales data for the Essentials Kit. Pro Lash has until December 7, 2026,

to supplement its discovery response to RFP 60 to include the comprehensive sales data for the Essentials Kit.

DATED this 24 November 2026.

Cecilia M. Romero

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah